IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARRIE S. ARMSTRONG,

    Plaintiff,

    vs.                                     No. CIV. S-10-1059 JAM GGH PS

CALIFORNIA STATE CORRECTIONAL

INSTITUTIONS, et al.,

    Defendants.         <u>ORDER</u>

_____/

        Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302(21), pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted.

        The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28

(9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S.___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

The court cannot determine whether the complaint is frivolous or can be amended to state a claim, because it does not comply with Fed. R. Civ. P. 8.[1] Rule 8 sets forth general rules of pleading in the Federal Courts. Complaints are required to set forth (1) the grounds upon

---

[1] It also fails to comply with Fed. R. Civ. P. 10, which governs the form of pleadings.

which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks. Rule 8 requires "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991). The complaint does not meet any of these requirements.

The court is unable to determine a jurisdictional basis for this action. A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. See Kokkonen v. Guardian Life Ins. Co, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994). U.S. Const. Art. III, § 1 provides that the judicial power of the United States is vested in the Supreme Court, "and in such inferior Courts as the Congress may from time to time ordain and establish." Congress therefore confers jurisdiction upon federal district courts, as limited by U.S. Const. Art. III, § 2. See Ankenbrandt v. Richards, 504 U.S. 689, 697-99, 112 S. Ct. 2206, 2212 (1992). Lack of subject matter jurisdiction may be raised at any time by either party or by the court. See Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).

The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Statutes which regulate specific subject matter may also confer federal jurisdiction. See generally, W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, Federal Civil Procedure Before Trial § 2:5. Unless a complaint presents a plausible assertion of a substantial federal right, a federal court does not have jurisdiction. See Bell v. Hood, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1945). A federal claim which is so insubstantial as to be patently without merit cannot serve as the basis for federal jurisdiction. See Hagans v. Lavine, 415 U.S. 528, 587-38, 94 S. Ct. 1372, 1379-80 (1974).

For diversity jurisdiction pursuant to 28 U.S.C. § 1332, each plaintiff must be diverse from each defendant, and the amount in controversy must exceed $75,000. For federal question jurisdiction pursuant to 28 U.S.C. § 1331, the complaint must either (1) arise under a federal law or the United States Constitution, (2) allege a "case or controversy" within the

meaning of Article III, section 2, or (3) be authorized by a jurisdiction statute.  Baker v. Carr, 369 U.S. 186, 198, 82 S. Ct. 691, 699-700, 7 L. Ed. 2d 663 (1962).

The asserted basis for jurisdiction is Cal. Civ. Code § 395 and 395.5 which addresses where corporations may be sued under state law. (Compl. at 2.)  The complaint alleges that defendants "California State Correctional Institutions," various nurses and doctors at Kern Valley State Prison, Mercy Hospital in San Francisco, Bakersfield Heart Hospital, California State Board of Registered Nursing, Attorney General Brown, and a nurse at Delano Regional Medical Center, all ruined her ability to practice her livelihood of nursing through termination of various jobs, preventing her from getting contracts or positions, and causing her to lose such positions.  All causes of action are alleged as follows under state law: "malicious with misleading information and facts," [sic] pursuant to Cal. Civ. Code § 3425.1, 3425, 43.0; false imprisonment under Cal. Civ. Code § 1788.10; nuisance, harassment, libel, slander, under Cal. Civ. Code § 3425.3, 43.0; and perjury under Cal. Civ. Code § 118.0.  These allegations do not implicate federal law, but only state law causes of action.  Plaintiff makes no reference to federal law whatsoever.

Simple reference to federal law does not create subject-matter jurisdiction. Avitts v. Amoco Prod. Co., 53 F.3d 690, 694 (5th Cir.1995).  Subject-matter jurisdiction is created only by pleading a cause of action within the court's original jurisdiction.  Id.  None of these matters states a federal claim.  It is plaintiff's obligation to state the basis of the court's jurisdiction in the complaint, and plaintiff has not done so.   In her in forma pauperis application, plaintiff explains that she is proceeding in federal court because state courts are very corrupt. (Dkt. # 2 at 3.)  This reason is not provided for under the law.

The aforementioned allegations do not link each specific defendant to a specific violation.  On amendment, plaintiff must specify what each defendant allegedly did to violate her federal rights.  Plaintiff has also failed to state a claim for relief as required by Rule 8.

\\\\\

4

If plaintiff chooses to amend the complaint to state a federal claim, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Good cause appearing, IT IS ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight (28) days from the date of service of this Order. Failure to file an amended complaint will result in a recommendation that this action be dismissed.

DATED: July 9, 2010

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:076/Armstrong1059.amd.wpd