IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARRIE S. ARMSTRONG, | Case No. 1:10-cv-01856 OWW JLT |
| Plaintiff, | ORDER DISMISSING THE SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND |
| vs. | |
| CALIFORNIA STATE CORRECTIONAL INSTITUTIONS, et al., | (Doc. 9) |
| Defendants. | |
| _____/ | |

Plaintiff is proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's second amended complaint filed February 11, 2011. (Doc. 9.)

**I.    SCREENING**

**A.    Screening Requirement**

The Court is required to review a case filed in forma pauperis. See 28 U.S.C. § 1915(e)(2). The Court must review the complaint and dismiss any portion thereof that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). If the Court determines the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies in the pleading can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

1

**B.     Section 1983**

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To plead a § 1983 violation, the plaintiff must allege facts from which it may be inferred that (1) plaintiff was deprived of a federal right, and (2) the person who deprived plaintiff of that right acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989).  To warrant relief under § 1983, the plaintiff must allege and show that the defendants' acts or omissions caused the deprivation of the plaintiff's constitutionally protected rights. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993). "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Id.  There must be an actual causal connection or link between the actions of each defendant and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Dept. of Social Services, 436 U.S. 658, 691-92 (1978) (citing Rizzo v. Goode, 423 U.S. 362, 370-71(1976)); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

**C.     Rule 8(a)**

Complaints are governed by the notice pleading standard in Federal Rule of Civil Procedure 8(a), which provides in relevant part that:

> A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

///

The Federal Rules of Civil Procedure adopt a flexible pleading policy. Nevertheless, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (citations and quotations omitted). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 883 (2009) (quoting Twombly, 550 U.S. at 570). Vague and conclusory allegations are insufficient to state a claim under § 1983. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II.   BACKGROUND

### A.   Procedural Background

Plaintiff filed her complaint and initiated this civil action in the Sacramento Division of the Eastern District of California on April 30, 2010. (Doc. 1.) By order filed July 9, 2010, United States Magistrate Judge Gregory G. Hollows screened the complaint and found that it failed to state a federal claim. (Doc. 4.) In particular, the Magistrate Judge found that Plaintiff's allegation, that Defendants ruined her ability to practice her livelihood of nursing through the termination of various jobs, did not implicate federal law but rather asserted state law causes of action, if any. (Id. at 4.) The Magistrate Judge provided Plaintiff with leave to amend, but advised her that to proceed in federal court she must state a basis for federal jurisdiction over this matter. (Id. at 3-5.)

On August 4, 2010, Plaintiff filed an amended complaint. (Doc. 6.) On October 7, 2010, this action was transferred to this Court from the Sacramento Division of the Eastern District of California because the alleged events took place in Kern County, which is within the jurisdiction of the Fresno Division of the Eastern District of California. (Doc. 7.) Before this Court had an opportunity to screen the amended complaint, Plaintiff filed a second amended complaint on February 11, 2011. (Doc. 9.) Because Plaintiff may amend her pleadings once as a matter of right before service of a responsive pleading, see Fed. R. Civ. P. 15(a), this action now proceeds on the second amended complaint, which the Court summarizes below.

### B. The Second Amended Complaint

Plaintiff identifies the following as defendants to this action: (1) the CDCR; (2) the Board of Registered Nursing; (3) Director of Nursing Shirleen Wright-Pearson; (4) Supervising Nurse Manjula Nair; (5) Supervising Nurse Waldine Doering; (6) Dr. Marta Spaeth; (7) Dr. Jonathan Akanno; (8) Dr. Ismail Patel; (9) Nurse Lourdez Villaruz; and (10) Does 1-X. (Doc. 9 at 2-3.)

Plaintiff avers that from 2005 to 2006 she was employed as a registered nurse for the California Department of Corrections and Rehabilitation ("CDCR") in the City of Delano, California. (Id. at 2.) According to Plaintiff, she was retaliated against and her employment with the CDCR was terminated after she notified her supervisors and union of "illegalities relating to the 'treatment of inmates within the CDC[R]'" and of "illegalities of policy and procedures for nurses which were occurring in [Kern Valley State Prison]." (Id. at 7.) Plaintiff indicates that, among other retaliatory acts, (1) Defendants Akanno and Spaeth created a hostile working environment for Plaintiff; (2) Defendants Spaeth, Patel, and Akanno lied to Plaintiff's supervisors regarding Plaintiff's job performance; (3) Defendants Nair, Wright-Pearson, and Doering falsely accused Plaintiff of practicing medicine outside the scope of her employment; (4) Defendant Villaruz falsely accused Plaintiff of mishandling or stealing narcotics from the medical cart; (5) Defendants Wright-Pearson, Nair, and Doering forged Plaintiff's resignation letter; and (6) the Board of Registered Nursing conducted a harassing and intrusive investigation of Plaintiff. (Id. at 3-7.)

Based on the foregoing allegations, Plaintiff claims that Defendants retaliated against her in violation of the First Amendment. (Id. at 9-14.) In terms of relief, Plaintiff seeks monetary damages, re-institution of her nursing license by the Board of Registered Nursing, and reappointment as a nurse for the CDCR at a different facility. (Id. at 15.)

### III. DISCUSSION

#### A. First Amendment Retaliation

"The Supreme Court [of the United States] has clearly stated that public employees do not shed their First Amendment rights simply because they are employed by the government." Huppert v. City of Pittsburg, 574 F.3d 696, 702 (9th Cir. 2009). "[T]he state may not abuse its position as employer to stifle 'the First Amendment rights its employees would otherwise enjoy as citizens to comment on

matters of public interest.'" Eng v. Cooley, 552 F.3d 1062, 1070 (9th Cir. 2009) (quoting Pickering v. Bd. of Educ., 391 U.S. 563, 568 (1968)).

A First Amendment retaliation claim against a government employer in this regard involves a sequential five-step series of questions:

> (1) whether the plaintiff spoke on a matter of public concern; (2) whether the plaintiff spoke as a private citizen or public employee; (3) whether the plaintiff's protected speech was a substantial or motivating factor in the adverse employment action; (4) whether the state had an adequate justification for treating the employee differently from other members of the general public; and (5) whether the state would have taken the adverse employment action event absent the protected speech.

Eng, 552 F.3d at 1070. The plaintiff bears the burden on the first three steps, but the burden then shifts to the defendant at the fourth and fifth steps. Id. at 1070-72.

### 1. Matter of Public Concern

"Speech involves a matter of public concern when it can fairly be considered to relate to 'any matter of political, social, or other concern to the community.'" Johnson v. Multnohmah County, Or., 48 F.3d 420, 422 (9th Cir. 1995) (quoting Connick v. Myers, 461 U.S. 138, 146(1983)). For example, "[u]nlawful conduct by a government employee or illegal activity within a government agency is a matter of public concern." Thomas v. City of Beaverton, 379 F.3d 802, 809 (9th Cir. 2004). "On the other hand, speech that deals with 'individual personnel disputes and grievances' and that would be of 'no relevance to the public's evaluation of the performance of governmental agencies' is generally not of 'public concern.'" Coszalter v. City of Salem, 320 F.3d 968, 973 (9th Cir. 2003) (quoting McKinley v. City of Eloy, 705 F.2d 1110, 1114 (9th Cir. 1983)). In any event, the inquiry must be guided "by the content, form, and context of . . . [the] statement[.]" Connick, 461 U.S. at 147-48.

Here, Plaintiff alleges that she engaged in protected speech when she informed her supervisors and union of "illegalities relating to the treatment of inmates within the CDC[R]" and to "illegalities of policy and procedures for nurses which were occurring" at Kern Valley State Prison. The Court finds that Plaintiff's allegations fall shy of demonstrating that she was engaged in speech of public concern. Although illegal activity by prison officials may rise to a public concern, see Thomas, 379 F.3d at 809, the term "illegalities" as used by Plaintiff is vague and conclusory. Plaintiff must provide additional facts regarding the content of her speech to state a cognizable claim.

### 2.  Speech as a Private Citizen or Public Employee

"Statements are made in the speaker's capacity as [a] citizen if the speaker had no official duty to make the questioned statements, or if the speech was not the product of performing the tasks the employee was paid to perform." Eng, 552 F.3d at 1071 (internal quotation marks and citations omitted). In other words, "speech which 'owes its existence to an employee's professional responsibilities' is not protected by the First Amendment." Huppert, 574 F.3d at 704 (quoting Garcetti v. Ceballos, 547 U.S. 410, 421 (2006)). "[W]hether the plaintiff spoke as a public employee or private citizen [] is a mixed question of fact and law." Posey v. Lake Pend Oreille School Dist. No. 84, 546 F.3d 1121, 1129 (9th Cir. 2008). Here, Plaintiff simply alleges that she spoke with her supervisors and her union. As to all the other surrounding circumstances of Plaintiff's speech, Plaintiff remains entirely silent. Moreover, as indicated above, the actual content of Plaintiff's speech remains unclear. Thus, given the dearth of facts and details, Plaintiff has failed to sufficiently plead that she spoke to her supervisors and union as a private citizen and not as a public employee.

### 3.  Substantial or Motivating Factor for Adverse Employment Action

Adverse employment actions within the context of a First Amendment retaliation claim are actions taken by a defendant that are "reasonably likely to deter [a plaintiff] from engaging in protected activity under the First Amendment." Coszalter, 320 F.3d at 976. Here, Plaintiff alleges a multitude of actions taken by Defendants that were done in an effort to retaliate against Plaintiff for her speech. In particular, Plaintiff alleges that Defendants Akanno and Spaeth created a hostile working environment for Plaintiff; Defendants Akanno, Spaeth, and Patel lied to Plaintiff's supervisors regarding Plaintiff's performance; Defendants Wright-Pearson, Nair, and Doering falsely accused Plaintiff of practicing medicine that was outside the scope of her employment; Defendant Villaruz falsely accused Plaintiff of mishandling or stealing narcotics from the cart; and Defendants Wright-Pearson, Nair, and Doering forged Plaintiff's resignation letter. Plaintiff alleges that Defendants undertook these actions in a sustained campaign to have Plaintiff fired and her nursing license suspended. Based on the foregoing, the Court finds that Plaintiff has sufficiently pled that she was subjected to adverse employment actions. See id. at 976-77 (repeated and ongoing harassment, unwarranted disciplinary investigations, and false accusations of wrongdoing constitute adverse employment actions).

To show that retaliation was a substantial or motivating factor behind an adverse employment action, a plaintiff can show that (1) a temporal nexus exists between the adverse action and plaintiff's protected speech; (2) a defendant expressed opposition to the protected speech; or (3) the proffered explanation for the adverse action was false or pretextual. Id. at 977. Here, Plaintiff alleges that the accusations lodged against her were false and that the discipline taken against her was baseless. At this stage of the litigation, the Court assumes Plaintiff's allegations to be true. Thus, the Court concludes that Plaintiff has sufficiently pled retaliation as a motivating factor behind the adverse employment actions she faced.

In sum, the Court finds that Plaintiff's allegations fall short of stating a cognizable retaliation claim under the First Amendment. Specifically, Plaintiff has failed to allege facts demonstrating that (1) she spoke as a private citizen (2) on a matter of public concern. Accordingly, if Plaintiff wishes to pursue this cause of action, she must allege additional facts regarding both the content and context of her alleged protected speech.

**B.     Eleventh Amendment**

The Eleventh Amendment serves as a jurisdiction bar to suits brought by private parties against a state or state agency unless the state consents to the suit. See Dittman v. California, 191 F.3d 1020, 1025-26 (9th Cir. 1999) ("In the absence of a waiver by the state . . . under the [E]leventh [A]mendment, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court.") (citation and internal quotation marks omitted). Here, the CDCR and the Board of Registered Nursing are California state agencies. Neither appear to have consented to this suit. Unless Plaintiff is able to demonstrate the contrary, she may not proceed against these defendants in federal court.

**C.     State Law Claims**

It is unclear as to whether Plaintiff is attempting to assert state law causes of action in addition to her retaliation claim under the First Amendment. To the extent that Plaintiff alleges that Defendants committed "harassment, fraud, [and] perjury" against her professional reputation, Plaintiff appears to be asserting claims for defamation. Plaintiff therefore is advised of the following legal standards that govern such claims.

Defamation can take the form of slander or libel. Cal. Civ. Code § 44. Slander is defined as a false and unprivileged publication, orally uttered, which:

1. Charges any person with crime, or having been indicted, convicted, or punished for crime;

2. Imputes in him the present existence of an infectious, contagious, or loathsome disease;

3. Tends directly to injure him in respect to his office, profession, trade or business, either by imputing to him general disqualification in those respects which the office or other occupation peculiarly requires, or by imputing something with reference to his office, profession, trade, or business that has a natural tendency to lessen its profits;

4. Imputes to him impotence or a want of chastity; or

5. Which, by natural consequence, causes actual damage.

Cal. Civ. Code § 46. Libel is a false and unprivileged publication by writing, printing, picture, effigy or other fixed representation to the eye. Cal. Civ. Code § 45. A written statement is libel per se if it defames the plaintiff on its face, that is, without the need of extrinsic evidence to explain the defamatory nature of the statement. Cal. Civ. Code § 45a.

"Statements of fact are actionable as defamation, while opinions generally are not." Terry v. Davis Community Church, 131 Cal. App. 4th 1534, 1552 (2005). "California courts have developed a 'totality of the circumstances' test to determine whether an alleged defamatory statement is one of fact or opinion. First, the language of the statement is examined." Baker v. Los Angeles Herald Examiner, 42 Cal. 3d 254, 260 (1986). "Next, the context in which the statement was made must be considered." Id. at 260. "[T]he dispositive question is whether a reasonable fact finder could conclude that the published statement declares or implies a provably false assertion of fact." Franklin v. Dynamic Details, Inc., 116 Cal. App. 4th 375, 384-85 (2004).

**D.    Leave to Amend**

The Court will provide Plaintiff with the opportunity to file a third amended complaint curing the deficiencies identified by the Court in this order. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted). If Plaintiff elects to file a third amended complaint, she is advised that she must explicitly

indicate which state law causes of action she seeks to pursue, if any. As explained above, Plaintiff's second amended complaint contains fleeting references to state causes of action which are intertwined with her federal claims. The Court will not siphon through the third amended complaint in search of causes of action which Plaintiff herself fails to assert.

Plaintiff is also advised that once she files a third amended complaint, her original pleadings are superceded and no longer serve a function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Therefore, the third amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220. "All causes of action alleged in an original complaint which are not [re-]alleged in an amended complaint are waived." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted).

## IV.  CONCLUSION

Accordingly, it is **HEREBY ORDERED** that:

1. Plaintiff's second amended complaint is dismissed;
2. Plaintiff is granted thirty (30) days from the date of service of this order to file a third amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules; the third amended complaint must bear the docket number assigned to this case and must be labeled "Third Amended Complaint"; and
3. Plaintiff is cautioned that failure to file a third amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated:  **February 25, 2011**             **/s/ Jennifer L. Thurston**
                                          UNITED STATES MAGISTRATE JUDGE